■ In the Matter of DAVE BROOKS, Respondent, v CITY OF NIAGARA FALLS, Appellant. [608 NYS2d 19] —Judgment unanimously affirmed without costs. Memorandum: These appeals

concern the amount of severance pay that petitioners Brooks and Clark are entitled to pursuant to section 171.20 of the Administrative Ordinances of the City of Niagara Falls. Generally, that City ordinance requires the City to pay severance pay to terminated employees in an amount at least equal to the maximum allowable benefits "provided by New York State Unemployment Insurance" (City of Niagara Falls Administrative Ordinances § 171.20 [a]). These cases hinge on whether there is a distinction between "regular" unemployment benefits paid by the State, and "extended" or "emergency" benefits paid by the State but 100% reimbursed by the Federal Government pursuant to the Federal Emergency Unemployment Compensation Act of 1991 (Pub L 102-164, 105 US Stat 1049). On each appeal the City argues that, because unemployment benefits available under the Federal Act are not benefits "provided by" New York State Unemployment Insurance, the City need not take those amounts into account when calculating severance pay pursuant to the City ordinance.

Our reading of the pertinent Federal and State legislation leads to the conclusion that any available "extended" or "emergency" benefits, like "regular" benefits, are benefits "provided by New York State Unemployment Insurance". Such benefits thus must be taken into account when calculating severance pay pursuant to the City ordinance. The statutes establish a single, indivisible Federal-State mechanism for paying unemployment insurance benefits *(see generally,* 42 USC § 1101 *et seq.;* Labor Law §§ 550, 551, 590, 599, 601). There is no mechanism for payments by the Federal Government directly to the unemployed person; all such payments, whether of benefits labeled "regular", "extended", or "emergency" benefits, are made directly to the unemployed person by the New York State Department of Labor in its administration of New York's Unemployment Compensation statutes *(see,* Labor Law §§ 514, 550, 551, 590, 591, 599, 601). All such payments are made using a combination of Federal and State monies, filtered through layers of Federal and State trust accounts *(see,* 42 USC § 1101 *et seq.;* Labor Law § 550 *et seq.).* In our view, the fact that both "regular" and "extended emergency" benefits are paid directly by the State to the eligible individual *(see,* Labor Law §§ 590, 599, 601) is determinative of the outcome of these cases; the fact that "extended" benefits are 100% reimbursed by the Federal Government is irrelevant.

The obvious intent of the City ordinance is to provide terminated workers with a severance benefit equal to the unemployment benefit payable to an eligible individual. At the time these petitioners lost their jobs, the "maximum benefit provided by New York State Unemployment Insurance" was $17,640, an amount equal to 59 weeks of the maximum weekly unemployment benefit. Petitioners are thus entitled to total severance benefits in that amount. (Appeal from Judgment of Supreme Court, Niagara County, Rath, Jr., J.—Article 78.) Present—Denman, P. J., Pine, Lawton, Doerr and Boehm, JJ.